# THE PARKER LAW GROUP P.C.

**28 Valley Road, Suite 1**
**Montclair, New Jersey 07042**
**Phone: (347) 292-3042**
**ghp@parkerlawusa.com**

May 5, 2025

<u>Via ECF</u>
The Honorable Gregory H. Woods
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

   Re: *Djenaba Diallo v. Helene Fuld College of Nursing*
     <u>Docket No. 1:25-cv-01752 (GHW) (SN)</u>

Dear Judge Woods:

 Pursuant to Your Honor's Order, the parties hereby submit this joint letter.

**1) A brief statement of the nature of the action, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;**

  a. <u>Nature of the Action</u>

Plaintiff, a former student of Defendant Helene Fuld College of Nursing, sues for disability discrimination under the American with Disabilities Act; Section 504 of the Rehabilitation Act; Article 15 of the New York Executive Law; the New York State Human Rights Law.; and the New York City Human Rights Law.

  b. <u>Plaintiff's Principal Claims and Contentions</u>

Because of her mobility disability, nursing student Plaintiff requested a reasonable disability related accommodation in the form of an elevator pass from Defendant Helene Fuld College of Nursing. In response, Defendant unlawfully requested all of Plaintiff's medical information. Plaintiff provided Defendant with her medical information in which Plaintiff's doctor stated that Plaintiff was in "need of an elevator pass. **Patient is able to attend School**".

Defendant expelled Plaintiff from their school based on their discriminatory conclusion that Plaintiff's medical conditions made her physically unable and a potential safety threat to remain enrolled as a student. In other words, Defendant transformed a simple request for an elevator pass into a discriminatory review of Plaintiff's medical conditions.

By so doing, Defendant committed unlawful disability discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*, Section 504 of the Rehabilitation Act ("Section 504") 29 U.S.C. § 794, *et. seq.*; the New York State Executive

Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City New York § 8-107.

c   Defendant's Principal Contentions and Defenses

Plaintiff's physician's letter dated January 29, 2025, stated: that "[Plaintiff] is temporarily disabled No Heavy lifting (no more than 10lbs.), No Carrying (no more than 10 lbs.), no sitting, No walking, No climbing steps, or standing for prolonged periods of time, No Bending, No twisting, take breaks as needed."

Based on the extreme restrictions and limitations set forth in said letter, and the description therein of her disability as "temporary", Defendant reasonably concluded that Plaintiff, with or without an elevator pass, would not be able to meet the Technical Standards required of all students participating in Defendant's educational programs, and that no reasonable accommodation could be formulated to permit Plaintiff to meet the Technical Standards.

As such, Defendant made the reasonable determination, in the best interests of all parties, including Plaintiff, to temporarily remove Plaintiff from Defendant's program pending her reapplication upon her healing from her injuries to the point that the extreme restrictions and limitations described by her treating physician would no longer be required. Thus, Plaintiff was not "expelled."

While Plaintiff sent a second physician's letter dated January 29, 2025, which stated "Patient is able to attend school", said letter did not retract, modify, or resolve in any way the severe restrictions and limitations set forth in the first letter.

Plaintiff has not reapplied to the program, and she has not advised Defendant as to the status of her recovery. The Complaint does not disclose Plaintiff's current physical condition.

Defendant did not unlawfully discriminate against Plaintiff based on her alleged disabilities, and Defendant did not administratively remove Plaintiff from the program as an act of unlawful retaliation. Defendant reasonably determined that the academic modifications required to permit Plaintiff's continued enrollment, given the severe restrictions and limitations imposed by her treating physician and her doctor's "Guarded" prognosis, would be substantial, impractical and fundamental.

Defendant properly deemed Plaintiff to be unqualified to continue in her then current condition, pending her recovery from her injuries.

2) **A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rules 2(B)(ii);**

Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, 29 U.S.C. § 794, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA and Section 504 of the Rehabilitation Act. And that Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a). Plaintiff asserts that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is located in this district.

3) **A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference;**

Defendant seeks to move under FRCP 35 to require Plaintiff to submit to a medical examination regarding her physical condition and injuries that are at issue herein.

4) **A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));**

No discovery has taken place at this time.

5) **A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii);**

Plaintiff is seeking the non-economic damages of emotional distress and punitive damages. But plaintiff is unable to provide any meaningful quantification of damages because a computation for non-economic damages such as damages for emotional distress and punitive damages are not susceptible to meaningful quantification. *See e.g. Rodriguez v. Village of Port Chester*, 535 F.Supp.3d 202, 221 (S.D.N.Y. 2021).

Plaintiff invested significant financial resources, including taking out a loan and paying out-of-pocket expenses, to be a student at the Helene Fuld College of Nursing. Defendant's unlawful conduct has delayed Plaintiff's career as a nurse and thus caused and damaged Plaintiff to lose the ability to earn a higher income. Plaintiff seeks prejudgment interest for all damages.

6) **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;**

The parties have not engaged in settlement discussions and are interested in participating in the District's Mediation Program.

7) **Any other information that the parties believe may assist the Court in resolving the action**.

None at this time.

                                             Very truly yours,

                                             _____/s/_____
                                             Glen H. Parker, Esq.

                                             ___/s_____
                                             Gerard A. Riso
                                             *Attorney for Defendant*